[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

---

No. 14-13314
Non-Argument Calendar

---

D.C. Docket No. 1:13-cv-00268-WS-M

ANDREW D. DUNAVANT, JR.,
MARY DUNAVANT,

Plaintiffs-Appellants,

versus

SIROTE & PERMUTT, P.C.,

Defendant-Appellee.

---

Appeal from the United States District Court
for the Southern District of Alabama

---

(February 9, 2015)

Before MARCUS, MARTIN, and BLACK, Circuit Judges.

PER CURIAM:

Andrew D. Dunavant, Jr., and Mary Dunavant (the Dunavants) appeal the

district court's partial denial of their motion for summary judgment and its grant of the defendant's motion for summary judgment. The Dunavants allege that the defendant, Sirote & Permutt, P.C. (Sirote), unlawfully published two notices of foreclosure sale for the Dunavants' property after a state court enjoined the foreclosure action. On appeal, the Dunavants first argue that the district court incorrectly dismissed their claim under Section 1692e(5) of the Fair Debt Collection Practices Act (FDCPA) for failure to show that Sirote's publication of the foreclosure notices amounted to the collection of a debt. Second, the Dunavants argue that the district court erred by dismissing their claim under Section 1692f(6) of the FDCPA as barred under the doctrine of res judicata. Third, the Dunavants argue that the district court improperly dismissed their state-law claim. After careful consideration, we affirm.

I.

This case arises out of a dispute over a security interest on real estate owned by the Dunavants. After GMAC Mortgage, LLC (GMAC)—the Dunavants' mortgage servicer—scheduled a foreclosure sale on their property, the Dunavants filed a civil action in Alabama state court to prevent the sale. The court granted the request in part, enjoining GMAC "from proceeding with any foreclosure action on the subject property during the pendency of this litigation." In March 2013, the Dunavants amended their state-court complaint against GMAC alleging, among

other things, tortious interference because it "violated the Court's injunction order and published foreclosure notices in the Foley Onlooker newspapers on April 17 & May 18, 2012." According to the Dunavants, these notices caused a third party to pull out of a deal to buy the property. GMAC moved for summary judgment, and the state court, without opinion, granted GMAC's motion "on all claims except for the permanent injunction claims" and dismissed them with prejudice.

The Dunavants then filed suit in federal court alleging that GMAC's counsel, Sirote, violated several provisions of the FDCPA and committed invasion of privacy when Sirote published the notices of foreclosure sale. Among other things, the FDCPA portion of the suit included allegations that: Sirote violated FDCPA Section 1692e—which forbids debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e; and FDCPA Section 1692f—which prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt, 15 U.S.C. § 1692f. The district court granted Sirote's motion for judgment on the pleadings on all aspects of the FDCPA claim except for the Section 1692f(6) claim, and allowed the Section 1692f and state law invasion-of-privacy claims to proceed. Then on summary judgment, the district court denied the Dunavants' motion for reconsideration of its dismissal of the Section 1692e(5) claim; held that res judicata barred the Section 1692f(6) claim; and dismissed the

remaining state law claim without prejudice because it no longer had supplemental jurisdiction. The Dunavants timely appeal that order here.

II.

The Dunavants first appeal the district court's denial of relief under Section 1692e(5) of the FDCPA. "[I]n order to state a plausible FDCPA claim under § 1692e, a plaintiff must allege . . . that the challenged conduct is related to debt collection." Reese v. Ellis, Painter, Ratterree & Adams, LLP, 678 F.3d 1211, 1216 (11th Cir. 2012). In its grant of Sirote's motion for judgment on the pleadings, the district court "dismissed the plaintiffs' FDCPA claims . . . because it found that the defendant's act of publishing foreclosure notices amounted only to the enforcement of a security interest and not the collection of a debt." This was because "the published notices on which plaintiffs' claims are based did not demand payment of the underlying debt." The Dunavants did not appeal that ruling. Instead, several months later, the Dunavants moved for summary judgment on the Section 1692e(5) claim that the district court had already dismissed. Although the Dunavants did not even "acknowledge[] that their claim ha[d] been dismissed or request[] alteration of that ruling," the district court charitably construed their argument as a motion for reconsideration.

"We review the denial of a motion for reconsideration for an abuse of discretion." Richardson v. Johnson, 598 F.3d 734, 740 (11th Cir. 2010) (per

curiam). A motion for reconsideration may not be used merely to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Id. (quoting Michael Linet, Inc. v. Vill. of Wellington, 408 F.3d 757, 763 (11th Cir. 2005)) (internal quotation marks omitted). Typically, the only grounds for granting a motion for reconsideration are "newly-discovered evidence or manifest errors of law or fact." In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999) (applying Bankruptcy Rule 9023, and noting that the rule incorporates by reference Rule 59 of the Federal Rules of Civil Procedure).

The district court's refusal to reconsider its decision regarding debt collection was not an abuse of discretion. The district court relied in part on our unpublished[1] decision in Warren v. Countrywide Home Loans, Inc., 342 F. App'x 458 (11th Cir. 2009) (per curiam), for the proposition "that an enforcer of a security interest, such as a [mortgage company] foreclosing on mortgages of real property . . . falls outside the ambit of the FDCPA except for the provisions of section 1692f(6)." Id. at 460 (alteration and omission in original) (internal quotation marks omitted). The Dunavants argue that we overruled Warren in another unpublished case, Birster v. Am. Home Mortg. Serv., Inc., 481 F. App'x. 579, 582 (11th Cir. 2012) (per curiam). But one panel opinion cannot overrule another. See Smith v. GTE Corp., 236 F.3d 1292, 1303 (11th Cir. 2001). In any

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

event, these two panel opinions are not in conflict. In Birster, we merely noted that "an entity can both enforce a security interest and collect a debt." Id. at 583. The Birster panel also decided that the defendant in that case "both attempt[ed] to enforce a security interest and collect a debt," and therefore held that the defendant "may be liable under the FDCPA beyond § 1692f(6) even though it was also enforcing a security interest." Id. (second emphasis added).[2] Here, by contrast, the district court held that "publishing foreclosure notices amounted only to the enforcement of a security interest and not the collection of a debt." Thus, although unpublished decisions are only persuasive authority, see Bonilla v. Baker Concrete Constr., Inc., 487 F.3d 1340, 1345 n.7 (11th Cir. 2007), the district court did not abuse its discretion in refusing to reconsider its decision to dismiss the Dunavant's Section 1692e(5) claim based on our unpublished decision in Warren.[3]

[2] This decision mirrored our reasoning in Reese, in which we held that for the related Section 1692e of the FDCPA, "[t]he fact that [a] letter and documents relate to the enforcement of a security interest does not prevent them from also relating to the collection of a debt within the meaning of § 1692e." 678 F.3d at 1217 (emphasis added). Reese expressly "d[id] not decide whether a party enforcing a security interest without demanding payment on the underlying debt is attempting to collect a debt within the meaning of § 1692e." Id. at 1218 n.3.

[3] The Dunavants also argue that the district court's decision is contrary to our decision in Caceres v. McCalla Raymer, LLC, 755 F.3d 1299 (11th Cir. 2014). It is not. In that case, we held that a particular letter was "a communication in connection with the collection of a debt" because it stated that it was "for the purpose of collecting a debt," was addressed "Dear Property Owner," referred to "collection efforts," and "state[d] the amount of the debt and indicate[d] that it must be paid in certified funds." Id. at 1303. The notices of foreclosure sale at issue here were published in a newspaper to inform the public about the status of the foreclosure sale, were not addressed to the debtors, and included no information relating to the collection of payments from them.

III.

The Dunavants next challenge the district court's grant of Sirote's motion for summary judgment on their Section 1692f(6) claim as barred under the doctrine of res judicata. "We review de novo the district court's grant of a motion for summary judgment, considering all of the evidence and the inferences it may yield in the light most favorable to the nonmoving party." Ellis v. England, 432 F.3d 1321, 1325 (11th Cir. 2005) (per curiam). We "apply the res judicata principles of the law of the state whose decision is set up as a bar to further litigation." Kizzire v. Baptist Health Sys., Inc., 441 F.3d 1306, 1308 (11th Cir. 2006) (internal quotation marks omitted). "Under Alabama law, the essential elements of res judicata are (1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both actions." Green v. Jefferson Cnty. Comm'n, 563 F.3d 1243, 1252 (11th Cir. 2009) (quoting Equity Res. Mgmt., Inc. v. Vinson, 723 So. 2d 634, 636 (Ala. 1998)) (internal quotation marks omitted). Since the first two prongs are not at issue, we address whether the district court correctly held that Sirote met its burden of proving the identity-of-parties element and the same-cause-of-action element with respect to the FDCPA claim. We conclude that it did.

A.

Alabama's res judicata doctrine requires that the "parties be identical, sometimes referred to as the mutuality of estoppel requirement." Stewart v. Brinley, 902 So. 2d 1, 10 (Ala. 2004) (citation omitted). "An exception is made to this requirement for parties in privity with a party to the prior action." Id. (citation omitted). Thus, "[a] person may be bound by a judgment even though not a party to a suit if one of the parties to the suit is so closely aligned with his interests as to be his virtual representative." Gonzalez, LLC v. DiVincenti, 844 So. 2d 1196, 1203 (Ala. 2002) (citation omitted). Or, said another way, the old and new parties must "share th[e] same interest in the subject matter of the dispute." Greene v. Jefferson Cnty. Comm'n, 13 So. 3d 901, 912 (Ala. 2008). For instance, in Gonzalez, the Alabama Supreme Court held that although the new defendants were not named in the original action, "they were . . . contractors hired by the [defendants] named in that [first] action." 844 So. 2d at 1203 Because the original defendants "had to defend the inspection work of their contractor, and [because] the interests of [the contractors] were adequately represented in the original case," the defendants in the two actions were substantially identical for purposes of res judicata. Id.

Here, the Dunavants sued GMAC in state court for publishing foreclosure notices, and later sued GMAC's lawyers, Sirote, in federal court for the same

publication. Like in Gonzalez, the district court noted that Sirote, "by the plaintiffs' own insistence, . . . was agent to GMAC's principal when it published the foreclosure notices." And "the plaintiffs do not allege that the past and present defendant engaged in different conduct; on the contrary, they allege that both are liable for the exact same conduct—[Sirote] as the actor and GMAC as the actor's principal." Moreover, as Sirote notes on appeal, it "had an interest in the outcome of the litigation between GMAC and the Dunavants" because it "desired a good result for its own reputation and for the sake of its client." GMAC was therefore "so closely aligned with [Sirote's] interests as to be [its] virtual representative." Gonzalez, 844 So. 2d at 1203 (citation omitted).

The Dunavants argue that the district court misconstrued the basis for the state court's summary dismissal of the Dunavant's claim, suggesting that there is a "very real possibility the state court determined that Sirote was the party solely responsible for the foreclosure notices being published in violation of the injunction." They cite to Lee L. Saad Construction Co. v. DPF Architects, P.C., 851 So. 2d 507 (Ala. 2002), in which the Alabama Supreme Court held that a plaintiff could not rely on the doctrine of collateral estoppel because an arbitrator did not "actually decide[]" a claim when it issued summary decisions without explanation. Id. at 520–21.

However, Saad applied the collateral estoppel doctrine, not res judicata law,

and the two doctrines are different. While res judicata precludes the litigation of claims "that could have been adjudicated" in the previous action, Ex parte LCS Inc., 12 So. 3d 55, 57 (Ala. 2008) (emphasis added), collateral estoppel precludes only the re-litigation of issues that already have been adjudicated in a previous action, see id. To show that the same issue has already been adjudicated, collateral estoppel requires that the issue has been "actually litigated," "necessary to the prior judgment," and "identical to the issue litigated in the present action." Walker v. City of Huntsville, 62 So. 3d 474, 487 (Ala. 2010) (quotation marks omitted). The third prong of res judicata requires none of these elements, but rather requires only that two parties "share th[e] same interest in the subject matter of the dispute." Greene, 13 So. 3d at 912. In short, cases that apply the collateral estoppel doctrine requiring a particular basis for a prior adjudication of an issue do not apply in the res judicata context. Nowhere in Alabama's res judicata law does there exist a requirement that another court expressly absolve the former defendant of liability with findings of fact and conclusions of law. The only requirement is that a prior party be "so closely aligned with [a new party's] interests as to be his virtual representative," Gonzalez, 844 So. 2d at 1203 (citation omitted), and that the new and old parties "share th[e] same interest in the subject matter of the dispute," Greene, 13 So. 3d at 912.

Similarly, the Alabama Court of Civil Appeals has held that res judicata

"bar[s] a plaintiff from prosecuting a lawsuit against an employee when the same plaintiff already has suffered an adverse judgment on the merits in an action against the employer for the acts of the employee, provided that the prior judgment for the employer was not based on grounds personal to the employer." Thompson v. SouthTrust Bank, 961 So. 2d 876, 885 (Ala. Civ. App. 2007) (emphasis added). Analogizing to the lawyer-client relationship here, the Dunavants argue that Sirote must therefore prove that the prior judgment for GMAC was not based on grounds personal to GMAC. However, the district court determined that this proviso from Thompson was "inconsistent with Alabama law concerning the third element of res judicata," and therefore found "ample indication the Alabama Supreme Court would reject it." We agree. Although decisions of the Alabama Supreme Court require only that the past and current defendants share the same interest in the subject matter of a dispute, see Greene, 13 So. 2d at 912, the Thompson proviso, in the district court's words, "appears to require . . . an identity of interest in particular defenses to the litigation, something far beyond the governing standard." Beyond that, and as the district court notes, the Thompson court heavily—and incorrectly—relied on the Alabama Supreme Court's decision in Griffin v. Bozeman, 173 So. 857 (1937), which addressed the separate doctrine of collateral estoppel. Therefore, we conclude that the Alabama Supreme Court would require only that Sirote show the existence of an identity of interest in the subject matter of

the litigation. See State Farm Mut. Auto. Ins. Co. v. Duckworth, 648 F.3d 1216, 1224 (11th Cir. 2011) (noting that we consider state intermediate court rulings "provided that there is no indication that the [state] Supreme Court would reject them"). Because Sirote was GMAC's counsel, and because both suits involve the exact same conduct, Sirote has adequately proven the identity-of-parties element.

B.

Turning to the same-cause-of-action requirement, under Alabama law, "the principal test for comparing causes of action . . . is whether the primary right and duty or wrong are the same in each action." Chapman Nursing Home, Inc. v. McDonald, 985 So. 2d 914, 921 (Ala. 2007) (emphasis omitted) (citation omitted). "Res judicata applies not only to the exact legal theories advanced in the prior case, but to all legal theories and claims arising out of the same nucleus of operative facts." Id. (emphasis omitted) (citation omitted). "As a result, two causes of action are the same for res judicata purposes when the same evidence is applicable to both actions." Id. (citation omitted). Said another way:

> If a claim, which arises out of a single wrongful act or dispute, is brought to a final conclusion on the merits, then all other claims arising out of that same wrongful act or dispute are barred, even if those claims are based on different legal theories or seek a different form of damages, unless the evidence necessary to establish the elements of the alternative theories varies materially from the evidence necessary for a recovery in the first action.

Vinson, 723 So. 2d at 638 (emphasis added).

Here, the district court correctly found that this standard was met. The primary wrong in both the suit against GMAC and the suit against Sirote is the publication of the foreclosure notices. Also, both the tortious-interference claim against GMAC and the FDCPA claim against Sirote arise out of the same nucleus of operative facts. And the evidence needed to prove each claim does not materially vary. In both cases, the district court notes that the Dunavants would have to show "(1) that GMAC (through [Sirote]) published foreclosure notices; (2) that this was done on particular dates in a particular publication; (3) that, on those dates, an injunction was in place; (4) that the publication of the foreclosure notices violated the terms of the injunction; and (5) that the publication caused a purchaser to back out of his contract." In short, there is little question that "substantially the same evidence supports" the Dunavants' claims against GMAC and Sirote. Geer Bros., Inc. v. Crump, 349 So. 2d 577, 580 (Ala. 1977) (emphasis added).

The Dunavants argue that they are not required to bring an after-acquired federal claim in ongoing state court litigation. They mistakenly rely on another unpublished case, Moore v. Pak, 402 F. App'x 491 (11th Cir. 2010) (per curiam), for the proposition that "the doctrine of res judicata does not punish a plaintiff for exercising the option not to supplement the pleadings with an after-acquired claim." Id. at 494 (quoting Pleming v. Universal–Rundle Corp., 142 F.3d 1354, 1357 (11th Cir. 1998)). But the actual rule we have enunciated is that "for res

judicata purposes, claims that could have been brought are claims in existence at the time the original complaint is filed or claims actually asserted by supplemental pleadings or otherwise in the earlier action." Manning v. City of Auburn, 953 F.2d 1355, 1360 (11th Cir. 1992) (footnote omitted) (emphasis added) (internal quotation marks omitted). Here, the Dunavants actually asserted after-acquired claims in a supplemental pleading against GMAC. Nonetheless, at that time, they chose not to assert an FDCPA claim against Sirote for the very same publication of foreclosure notices. The Dunavants have cited no case for the proposition that they may now file federal claims against Sirote based on the same nucleus of operative facts that governed their earlier amended claims against GMAC in state court. The district court correctly found that Sirote proved the same-cause-of-action element. We therefore affirm the district court's dismissal of the Dunavant's Section 1692f(6) claim as barred under the doctrine of res judicata.

IV.

Finally, we affirm the district court's dismissal of the Dunavant's state-law invasion-of-privacy claim for lack of jurisdiction. "The decision to exercise supplemental jurisdiction over pend[e]nt state claims rests within the discretion of the district court." Raney v. Allstate Ins. Co., 370 F.3d 1086, 1083–89 (11th Cir. 2004) (per curiam). "The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over

which it has original jurisdiction." 28 U.S.C. § 1367(c). Because the district court properly dismissed the Dunavant's claims under the FDCPA, see supra Parts II & III, it did not abuse its discretion when it dismissed the Dunavant's state law claim. See Raney, 370 F.3d at 1089 ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial.").

**AFFIRMED**.